ANGY, PLAINTIFF AND APPELLANT, *v.* SELOSSE, DEFENDANT AND APPELLEE.

APPEAL from the First District Court of San Juan in an Action for Recognition of Conjugal Society, Etc.

No. 3279.—Decided June 17, 1924.

PLEADING—DEMURRER—MOTION TO STRIKE—PREMATURE SETTING.—It is reversible error to hear at the trial of the case a motion filed on the previous day to

strike out a demurrer to the answer, when not only the setting of the case was premature, but the motion to strike out the demurrer was not communicated to the plaintiff.

The facts are stated in the opinion.

*Mr. R. H. Blondet* for the appellant.

*Mr. J. de Guzmán Benítez* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The action in this case was for the recognition of a conjugal society and the partition of real estate. The answer of the defendant was filed on the 11th of December, 1923. Therefore, under section 116 of the Code of Civil Procedure, the complainant had ten days within which to file a demurrer to the answer. During these ten days, however, on the 15th day of December, 1923, there was a general call of the calendar and the court set the case for the 10th day of January, 1924. Within the ten days from the filing of the answer the complainant moved to strike certain parts thereof. This motion was overruled, and on the 8th of January, 1924, the complainant filed a demurrer to the answer. On the 9th of January the defendant moved to strike the demurrer as frivolous and set the motion for hearing for the 10th of January, the day previously set for the trial. The setting of this motion was not notified to the complainant although the motion itself was. Despite the protest of the complainant to the rapid setting of the motion to strike, the court nevertheless heard the motion and overruled the demurrer and insisted upon going on with the trial of the case. The counsel for complainant objected that he had two cases to try in another court and asked for a postponement, which apparently the court refused, and the complainant then retired from the courtroom. Some of these facts, or all of them, were presented to the district court in a motion for a reconsideration. The district court denied the motion for a reconsideration, saying that the complainant had been duly notified of the setting of the case and had made no protests until the very

day of the trial. The court said that it had become con-
vinced by reason of the attitude of counsel for the com-
plainant that he did not desire to try the case and by means
of futile pretexts was seeking to delay the final decision of
the case.

One thing is certain, technically, at least. The court
had no right to set the case for trial within the ten days
immediately following the filing of the answer. That is a
period in which the complainant has a right to demur to
an answer. Until this period expires there is no issue be-
tween the parties. The appellant urges this setting as his
first assignment of error. The only question would be as
to whether the complainant did not waive this error by
failing to object to the setting or to take any step to have
it set aside. Even on the 10th of January when counsel
for the complainant appeared it does not appear that he
made any objection to the setting of the case prematurely.
He only objected to the summary setting of the demurrer
and also urged the pendency of other cases in another court.

We are inclined to agree with the appellee and the court
below that when counsel is actually before the court on the
day set for trial pendency of actions in other courts is not
a valid excuse for not going on with the trial. It might
be an abuse of discretion to call a case if counsel was in the
midst of the trial of a case in another court.

We are convinced, however, that complainant had a right
to object to the premature setting of the demurrer even if
she was making no specific objection in the court below to
the premature setting of the case itself.

The case was prematurely set for trial and we agree
with counsel for appellant that he might have refrained
from attending the said trial and then moved to set the
ensuing judgment aside. Appellant at no time raised this
point in the court below, but he did strenuously object to the
case being tried before his demurrer was duly set and dis-

posed of. So at least counsel was objecting to the trial before a previous disposition of his demurrer.

The appellee insists that, by not objecting to the setting, the complainant was bound to be prepared to discuss any matter of pleading for the day of the trial, but this involves a sort of *petitio principii*. Complainant was objecting to the trial until his demurrer was disposed of in the order prescribed by law. The case was not ready for trial until the original pleadings were disposed of.

Section 123 of the Code of Civil Procedure, as amended in 1911, provides as follows:

"Sec. 123.—All irrelevant and redundant matter in a pleading shall be stricken out by the court on motion of the opposite party, and until such motion is disposed of by the court the moving party shall not be required to plead further."

So that after the motion to strike the answer was denied the complainant, by the Act of the Legislature specially passed in 1911, had a right to demur and to have that demurrer heard before trial. Acts of 1911, No. 70, p. 226. Likewise, she was entitled to have the demurrer set for hearing before the day of the trial. · The motion to strike the demurrer was proper, but appellant was entitled to a previous notice of the setting of the motion. Likewise, appellant was entitled to the usual time for the hearing of a motion to strike, as in case of any other motion requiring a notice to the opposite side.

· The judgment must be reversed and set aside, leaving the motion to strike the answer pending, and the case remanded for other proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.